# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PAMELA GRACE HOWELL,**

    **Plaintiff,**

vs.                                               Case No. 4:13cv315-WS/CAS

**FLORIDA STATE, et al.,**

    **Defendants.**

    _____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed a motion for leave to proceed in forma pauperis, doc. 2, and a civil rights complaint, doc. 1. Good cause having been shown, the in forma pauperis motion, doc. 2, is **GRANTED**, and the Clerk shall file the complaint without requiring payment of the filing fee.

Plaintiff's civil rights complaint is against seven Defendants, six of whom are individuals with the seventh Defendant listed as the USCIS Office, Naturalization Services. Doc. 1 at 2-3. Plaintiff's allegations are unintelligible, vague, and fail to assert facts showing how any named Defendant harmed her or violated her constitutional rights. Several of Plaintiff's claims also appear to be time barred. The few factual allegations in which Plaintiff provides dates were in 1982, 1993, and 1995 and, accordingly, are barred by the four year statute of limitations. Doc. 1 at 4.

Furthermore, several of Plaintiff's named Defendants may not be held liable under 42 U.S.C. § 1983. Section 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'" Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998). Thus, to obtain relief, a plaintiff must show that she was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000). A bank teller, a counter clerk at another bank, and the announcer at the Miami Airport are not state officials.

Even if Plaintiff had properly named persons as Defendants who could be sued under § 1983, Plaintiff has not alleged that any Defendant deprived her "of a right secured by the 'Constitution and laws' of the United States." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). This case must be dismissed for failure to state a claim and because it is frivolous.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for in forma pauperis status, doc. 2, is **GRANTED**.

2. The Clerk shall file the complaint, doc. 1, without requiring payment of the filing fee.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and because it is frivolous.

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2013.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.